# EXHIBIT A

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | | **CASE NUMBER** |
|---|---|---|
| 6th Oakland **JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY** | **SUMMONS** | 2025-219759-NO |

**Court address**
1200 N. Telegraph Road, Pontiac, MI 48341

**Court telephone number**
248-858-1000

Plaintiff's name, address, and telephone number
JIHYUN BAE

v

Defendant's name, address, and telephone number

GRIMMWAY FARMS, INC
12064 Buena Vista Blvd
Arvin, CA 93203

Plaintiff's attorney bar number, address, and telephone number

T. Santino Mateo (P81530)
Garam Choe (P87258)
409 E. Jefferson Ave., Suite 500
Detroit, MI 48226

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 1/22/2026 | 04/23/2026 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**
SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

1/21/2026 4:04 PM Oakland County Clerk FILED Received for Filing

Summons   (3/23)                                                        Case Number 2025-219759-NO

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                        Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR OAKLAND COUNTY**

JIHYUN BAE,

    Plaintiff,

v.                                  Case No.: 2025-219759-NO

GRIMMWAY FARMS, INC., and COSTCO          Hon. Mary Ellen Brennan
WHOLESALE CORPORATION

    Defendants.

---

CHOE & MATEO
T. Santino Mateo (P81530)
Garam Choe (P87258)
*Attorneys for Plaintiff*
409 E. Jefferson Ave., Suite 500
Detroit, MI 48226
(313) 259-7777
santino@choemateo.com
garam@choemateo.com

---

FILED   Received for Filing   Oakland County Clerk   1/21/2026 4:04 PM

## AMENDED COMPLAINT

**There are no other pending or resolved civil actions arising
out of the transaction or occurrence alleged in this Amended Complaint.**

Plaintiff, JIHYUN BAE, states as follows for its Amended Complaint against Defendants

GRIMMWAY FARMS, INC., and COSTCO WHOLESALE CORPORATION ("Defendants"):

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Jihyun Bae, is a resident of Clinton County, Michigan.

2.    Defendant Grimmway Farms, Inc. ("Grimmway") is a California corporation

engaged in the growing, harvesting, packaging, and distribution of carrots nationwide, including

in Michigan, with its principal place address at 12064 Buena Vista Blvd., Arvin, CA 93203, and its registered agent at 330 N Brand Blvd., Glendale, CA 91203.

3.     Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation authorized to do business in Michigan and operating retail warehouse stores in Oakland County with a registered address at 40600 Ann Arbor Rd. E STE 201, Plymouth, MI 48170.

4.     Venue is proper in this Court under MCL 600.1621(a) because Defendants conduct business in Oakland County.

5.     Venue is proper under MCL 600.1629 because the original injury occurred in Oakland County and Defendants have a place of business or conduct business in Oakland County.

6.     Subject matter jurisdiction is proper in the Oakland County Circuit Court because the amount in controversy exceeds $25,000.00.

## GENERAL ALLEGATIONS

7.     On or about September 9, 2024, Plaintiff purchased a six-pound bag of "Cal-Organic Farms Whole Organic Carrots" at a Costco store located in Oakland County, Michigan.

8.     The carrots were sourced, packaged, and distributed by Grimmway.

9.     The carrots were contaminated with Escherichia coli bacteria ("E. coli").

10.    Plaintiff consumed the carrots, cooked and raw, between September 9, 2024, and October 5, 2024, as intended, and subsequently contracted an E. coli infection, requiring medical treatment and hospitalization.

11.    On October 6, 2024, Plaintiff fell ill with a high fever and chills that lasted several days.

12.    On October 10, 2024, Plaintiff, still with a high fever and chills, sought treatment at the urgent care, and after several tests were run, Plaintiff was referred to the ER.

2

13. During her ER examination, Plaintiff's doctor noticed several rashes developing on her body, and several labs were ordered and Plaintiff was diagnosed with a kidney infection.

14. Plaintiff was discharged from the ER with antibiotics.

15. Days later, Plaintiff felt like she was developing an infection in her genital area and scheduled an appointment with her OBGYN, who ran more tests.

16. Plaintiff's OBGYN discovered the presence of E.coli bacteria in Plaintiff's genital culture.

17. On November 19, 2024, Grimmway and Costco issued a recall of carrots, including the "Cal-Organic Farms Whole Organic Carrots," purchased between August 15, 2024, and September 30, 2024, due to E. coli contamination.

18. Plaintiff bargained for products that were safe to consume.

19. Defendants' carrots were, and still are, unsafe to consume due to the risk of E. coli.

20. Nowhere in the packaging of the carrots did Defendants disclose that the carrots could contaminate the consumers with E. coli.

21. No reasonable consumer would expect the carrots to be infected contaminated with E. coli.

22. Additionally, because the facts concern a safety-related deficiency in the carrots, Defendants were under a continuous duty to disclose to Plaintiff the true nature of the carrots and to disclose the carrots were contaminated with E. coli.

23. Furthermore, Grimmway, as the owner, manufacturer, distributer, marketer and seller, had a duty to disclose because of Grimmway's exclusive/superior knowledge concerning the composition of the carrots.

24. Plaintiff experienced intense pain and suffering as a result of her illness.

3

25.     Plaintiff's injuries were directly and proximately caused by Defendants' sale and distribution of contaminated carrots.

## COUNT I: BREACH OF EXPRESS WARRANTY (Against all Defendants)

26.     Plaintiff incorporates by reference all proceeding paragraphs.

27.     Defendant expressly warranted that the carrots were safe for consumption.

28.     Plaintiff relied on these representations when purchasing the carrots.

29.     The carrots were not safe, breaching the express warranty.

30.     Plaintiff suffered damages and injuries as a result.

## COUNT II: STRICT PRODUCTS LIABILITY (Against all Defendants)

31.     Plaintiff incorporates by reference all proceeding paragraphs.

32.     Defendants were engaged in the business of selling food products, including carrots.

33.     The carrots sold were defective and unreasonably dangerous when they left Defendants' control.

34.     The defect existed at the time of sale and was not substantially altered before reaching Plaintiff.

35.     Plaintiff consumed the carrots in a reasonably foreseeable manner.

36.     As a direct and proximate cause of the defect, Plaintiff suffered serious injuries.

## COUNT III: NEGLIGENCE (Against all Defendants)

37.     Plaintiff incorporates by reference all proceeding paragraphs.

38.     Defendants owed a duty to Plaintiff to exercise reasonable care in the growing, processing, packaging, and sale of carrots.

39.     Defendants breached that duty by failing to prevent contamination, failing to test adequately, and failing to warn consumers promptly.

4

40.     As a direct and proximate cause of Defendants' breaching their duty, Plaintiff suffered serious injuries.

41.     Plaintiff's injuries were the foreseeable result of Defendants' negligence.

42.     Plaintiff suffered damages as a result.

## COUNT IV: BREACH OF IMPLIED WARRANTY OF MERCHANTABILTY (Against all Defendants)

43.     Plaintiff incorporates by reference all proceeding paragraphs.

44.     Pursuant to MCL 440.2314, Defendants warranted that the carrots were fit for human consumption.

45.     Defendants are merchants of goods of that kind.

46.     The contaminated carrots were not fit for their ordinary purpose.

47.     Plaintiff relied on Defendants' implied warranties and suffered damages as a result.

## COUNT V: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (Against All Defendants)

48.     Plaintiff incorporates by reference all proceeding paragraphs.

49.     Pursuant to MCL 440.2315, Defendants knew consumers would eat carrots raw and relied on them being safe.

50.     The contaminated carrots were not fit for that purpose.

51.     Plaintiff relied on Defendants' skill and judgment and suffered damages.

## COUNT VI: NEGLIGENT FAILURE TO WARN (Against All Defendants)

52.     Plaintiff incorporates by reference all proceeding paragraphs.

53.     Defendants had a duty to notify customers promptly and effectively of the recall of contaminated carrots.

54.     Defendants knew or should have known of the defect but failed to timely warn Plaintiff to prevent consumption.

5

55.    Plaintiff had no way of knowing of the carrots' latent defect.

56.    Plaintiff suffered damages as a result.

## DAMAGES

57.    Plaintiff suffered severe gastrointestinal illness, medical expenses, pain and suffering, and emotional distress.

58.    Plaintiff seeks compensatory damages, exemplary damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in its favor and against Defendants in an amount in excess of $25,000 as follows: compensatory damages in an amount to be determined at trial; exemplary damages; attorneys' fees, costs, and expenses; and any other relief this Court deems appropriate.

Respectfully submitted,

CHOE & MATEO, PLLC

/s/ T. Santino Mateo.
T. Santino Mateo (P81530)
Garam Choe (P87258)
Attorneys for Plaintiff
409 E. Jefferson Ave, Suite 500
Detroit, MI 48226
(313) 962-3500
santino@choemateo.com
garam@choemateo.com

Dated: January 21, 2026

6